1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6                                  EUREKA DIVISION

7

8    JAMES NEILSEN,                          Case No.  13-cv-01737-NJV

              Plaintiffs,
9
                                             **ORDER RE PLAINTIFF'S MOTION
10        v.                                 FOR ATTORNEYS' FEES**

11   CAROLYN W. COLVIN,                       Re: Dkt. No. 25

              Defendants.
12

13                                  **INTRODUCTION**

14        Plaintiff James Neilsen sought review of a final decision by the Commissioner of the

15   Social Security Administration ("SSA") denying his application for disability benefits under the

16   Social Security Act.  Plaintiff filed a motion for summary judgment.  In part, Plaintiff argued that

17   the denial should be reversed because opinion evidence which the administrative law judge relied

18   upon in denying Plaintiff benefits had been omitted from the administrative record.  *See* Doc. No.

19   14 (discussing Exhibit 14/F, an opinion by Dr. Katerina Christopoulos).  Three months after

20   Plaintiff filed his motion for summary judgment, the parties stipulated to remanding the case to the

21   SSA for a new hearing, pursuant to Sentence 4 of 42 U.S.C. § 405(g).  *See* Doc. No. 19.  The

22   parties stipulated that the action should be remanded "in light of the missing Exhibit 14F."  *Id.*

23   Thus, the parties stipulated to remand the action on one of the grounds Plaintiff raised in his

24   motion for summary judgment.

25        After the action was remanded to the Social Security Administration, Plaintiff requested

26   attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A).

27   Pursuant to this statute, "a court shall award to a prevailing party other than the United States fees

28   and other expenses, in addition to any costs . . . incurred by that party in any civil action (other

United States District Court
Northern District of California

United States District Court
Northern District of California

than cases sounding in tort), including proceedings for judicial review of agency action . . . unless the court finds that the position of the United States was substantially justified or that circumstances make an award unjust." A party that has obtained a remand under sentence four of 42 U.S.C. § 405(g) "certainly" is a prevailing party. *See Shalala v. Schaeffer*, 509 U.S. 292, 302 (1993). Although the parties explored the possibility of stipulating to the amount of attorneys' fees sought by Plaintiff, they failed to reach agreement, and instead Plaintiff filed his motion for attorneys' fees under the EAJA. Doc No. 25. The parties fully briefed the motion and argued it to the court on May 13, 2014.

## DISCUSSION

### A. Plaintiff is entitled to recover the EAJA fees claimed in his petition.

It is not clear why Defendant opposes Plaintiff's motion for attorney's fees. Defendant does not oppose Plaintiff's fee petition on the ground that Plaintiff was not the prevailing party. *See* Doc. No. 28. Defendant does not argue that the Government's position was "substantially justified." *Id.* Defendant does not even argue that Plaintiff's fees are unreasonable. *Id.* at 4-5 ("the Commissioner does not contest the total requested fee of $4058.33"). Instead, Defendant merely argues that Plaintiff has not submitted evidence to support the hours he claims to have worked. *Id.* Plaintiff's counsel submitted a declaration attaching billing records for this case with his reply brief. *See* Doc. No. 30. The records establish that Plaintiff's counsel billed 21.7 hours through 2013, for a total of $4058.33, including all work performed on the motion for summary judgment and the stipulation for remand. *Id.* Plaintiff's counsel billed an additional 11.8 hours in 2014, including work performed to enter judgment, file a bill of costs, attempt to negotiate fees with defense counsel, and then file the present motion for fees after the parties failed to reach agreement on the issue. *Id.* In particular, the court notes that Plaintiff's billing records itemize *numerous* phone calls, emails, and letters with counsel for Defendants regarding the stipulation to remand and the fee negotiations. *Id.*

While "not contest[ing] the total requested fee of $4058.33" (Doc. No. 28 at 5), Defendant takes issue with the time that Plaintiff has billed after 2013, especially time billed in connection with his fee petition. Specifically, Defendant asks the court to disallow fees for time Plaintiff

spent on his reply brief in support of the fees motion.  *Id*.  Defendant fails to explain how time

spent obtaining fees to which Plaintiff's counsel is entitled under the EAJA, and which Defendant

refused to stipulate to, is not reasonable.  Fees incurred in connection with EAJA fee litigation are

recoverable.  *See Nadarajah v. Holder*, 569 F.3d 906, 925 (9th Cir. 2009) (awarding more than

$13,000 in fees incurred in connection with EAJA fee petition); *see also Palomares v. Astrue*, 185

Soc. Sec. Rep. Service 340, *25 (N.D. Cal. Dec. 18, 2012) (4.3 hours billed on four-page EAJA

fee petition reasonable and recoverable).

      The court has reviewed Plaintiff's billing records.  Plaintiff's counsel requests an hourly

rate of $187.02, the maximum EAJA rate allowed by the Ninth Circuit for work performed in

2013.  *See* Doc. No. 30-1; http://www.ca9.uscourts.gov/ content/view.php?pk_ id=0000000039.

Plaintiff's counsel submitted a declaration itemizing the time billed on the matter through April

18, 2014: 33.5 hours.  Doc. No. 30-1, Ex. 1.  The time counsel billed was reasonable.  *See, e.g.,*

*Palomares*, 185 Soc. Sec. Rep. Service 340, at *24 (finding 37.9 hours billed to social security

disability case "reasonable" and listing cases in agreement).  Counsel also estimated that he would

bill an additional two hours after April 18, 2014.  Doc. No. 30-1, Ex. 1.  The court notes that much

of the time counsel billed after 2013 is attributable to fruitless discussions with Defense counsel

regarding Plaintiff's entitlement to EAJA fees.  *See id*.  Defendant's argument thus boils down to

this:  even though Defendant does not argue that Plaintiff's fees for work performed on the merits

of this case are unreasonable, Plaintiff should not be allowed to recover fees for the work he was

required to perform by Defendant's refusal to pay his attorneys' fees.  Defendant's argument lacks

merit.  The court will award the full EAJA fees requested by Plaintiff's counsel.

      Within seven days of this order, Plaintiff's counsel shall submit a supplemental declaration

itemizing the reasonable time he billed after April 18, 2014.

**B.  The court will not adopt Plaintiff's proposed order.**

      The parties' second dispute concerns the form of Plaintiff's proposed order.  *See* Doc. No.

30, Proposed Order.  Plaintiff assigned any EAJA fees he would recover to his attorney.  *Id.*, Ex. 2

at 2 (client "assigns all [EAJA] fees to attorney and agrees that said fees are the property of

attorney and may be paid directly to the attorney, whether awarded by the Court or agreed to by

stipulation").  Plaintiff accordingly asks the court to direct payment of EAJA fees directly to his counsel, "upon verification that Plaintiff has no debt which qualifies for offset against the awarded fees pursuant to the U.S. Treasury Offset Program."  Doc. No. 25, Proposed Order.  Plaintiff further proposes that the court order Defendant to notify him within 21 days if he owes any such debts.  *Id*.  Defendant objects to the form of the proposed order on the grounds that (1) EAJA fees belong to the Plaintiff, not his counsel; (2) it is the U.S. Treasury, not the Commissioner of Social Security, who will determine whether Plaintiff owes the Government a debt; and (3) the court lacks authority to order the Commissioner to disclose whether Plaintiff owes any debt.  Doc. No. 28 at 2-4.  Defendant also notes that Plaintiff may obtain this information directly from the Treasury Department.  Doc. No. 28 at 3.  At the hearing, counsel for Plaintiff stated that he had not obtained the information from the Treasury Department.

Courts in this district squarely support Defendant's position:

C. Pay Fees Directly to Attorney

The Commissioner also contests Mr. Palomares's request to have the fees paid directly to counsel. In *Astrue v. Ratliff*, the Supreme Court confirmed the common practice that an EAJA fee award is payable to the litigant and not the attorney unless the party does not owe a debt to the government and assigns the right to receive fees to the attorney. 130 S. Ct. 2521, 2529, 177 L. Ed. 2d 91 (2010)[. …] Since Mr. Palomares has already assigned any potential award to his attorney, the Court directs that attorney's fees, subject to any debt offset, be paid directly to Mr. Palomares's counsel.

D. Notice of Claimed Offset

Mr. Palomares is requesting an order requiring the Commissioner to disclose if it contends that Mr. Palomares has debt that qualifies for an offset against the awarded fees, as well as a basis for that contention. This language comes from a case called *Bender v. Astrue*, No. C 10-05333-MR, 2012 U.S. Dist. LEXIS 3966, 2012 WL 113357, at *4 (N.D. Cal. Jan. 12, 2012), in which the court ordered the Commissioner to notify the Plaintiff within twenty-one days if the Commissioner contended there was debt to offset the award. The court in *Bender* did not cite any legal authority for issuing this order. *See Id*. Mr. Palomares is essentially seeking notice of any claimed offset and argues that if the Commissioner is going to use an offset by the Treasury Department to excuse payment, that Mr. Palomares is entitled to proper notice and an opportunity to defend such offset. Mr. Palomares further contends that he has already assigned this award to counsel without being notified of any offset. (*Id*.)

United States District Court
Northern District of California

4

1
2
3
4
5
6
7
8

There is no law stating that the Court must order the Commissioner to notify a plaintiff of an offset. Under 31 U.S.C. § 3716, the head of an administrative agency may collect a debt by administrative offset only after giving the debtor written notice. 31 U.S.C. § 3716(a)(1). In *Astrue v. Ratliff*, the Social Security Administration notified the Plaintiff of an offset according to § 3716. 130 S. Ct. 2521, 2522, 177 L. Ed. 2d 91 (2010). In *McCarty v. Astrue*, the Treasury Department sent Plaintiff notice of its intent to collect a debt by offsetting the EAJA award. 505 F. Supp. 2d 624, 632 (N.D. Cal. 2007). The court in *McCarty* held that Plaintiff's due process rights were not violated by Defendant's failure to give notice that Plaintiff's EAJA award was eligible for an offset. *Id.* There is no dispute that notice must be given under § 3716 before an EAJA award can be offset. Since § 3716 applies, the Court declines to order the Commissioner to give special notice within twenty-one days if it contends the awarded EAJA amount is subject to an offset.

9  *Palomares*, 185 Soc. Sec. Rep. Services 340, *27-*29; *see also Lloyd v. Astrue*, 2013 U.S. Dist.

10  LEXIS 99329, *11-*12 (N.D. Cal. July 16, 2013) (while EAJA fee award is ordinarily payable to

11  litigant and not attorney, "this does not prevent payment of a fee award directly to the attorney

12  where there has been a valid assignment and the plaintiff does not owe a debt to the government . .

13  . Plaintiff has attached an agreement for legal services in which he assigned all fees to his attorney,

14  and the government has identified no debt owed by Plaintiff that would give rise to an offset.

15  Payment is thus properly made to Plaintiff's counsel directly"); *Metters v. Astrue*, 2013 U.S. Dist.

16  LEXIS 4245, *11-*12 (N.D. Cal. Jan 10, 2013) (declining to order Commissioner to provide

17  information re Treasury offset to Social Security plaintiff).

18  Consistent with these decisions, this court (1) will not order the Commissioner to provide

19  notice of any offset to Plaintiff, and (2) will order Defendant to pay the full amount of the EAJA

20  fees awarded directly to Plaintiff's counsel, subject to any debt offset.

21  **IT IS SO ORDERED**.

22  Dated: May 13, 2014

23
24  _____
     NANDOR J. VADAS
     United States Magistrate Judge

25
26
27
28